**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4924**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

v.

MERCY COFFIE-JOSEPH, a/k/a Mercy A. Coffie,

             Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Roger W. Titus, Senior District Judge.
(8:13-cr-00213-RWT-1)

Submitted:  September 15, 2015      Decided:  February 16, 2016

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Columbia,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Baltimore, Maryland, Margaret A. Moeser, Special
Assistant United States Attorney, Thomas P. Windom, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mercy Coffie-Joseph was convicted of five counts of wire fraud, in violation of 18 U.S.C. § 1343; two counts of money laundering, in violation of 18 U.S.C. §§ 1956 and 1957; two counts of passport fraud, in violation of 18 U.S.C. § 1542; and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Coffie-Joseph's Guidelines range for counts one through nine was 57 to 71 months, but the district court varied upward and sentenced Coffie-Joseph to 96 months' imprisonment on those counts. On count ten, the district court imposed the statutorily-mandated consecutive term of 24 months, bringing Coffie-Joseph's total sentence to 120 months. On appeal, Coffie-Joseph claims that her sentence is unreasonable. For the reasons that follow, we affirm the judgment of the district court.

I.

At Coffie-Joseph's sentencing hearing on November 25, 2014, the district court adopted the factual findings of the Pre-Sentencing Report, which detailed the criminal conduct underlying Coffie-Joseph's convictions. Coffie-Joseph stole over $470,000 from her former employer, Systems Assessment and Research Corporation, and the company's founder, Dr. Maria Hankerson. Coffie-Joseph also stole the identity of Nancy

2

Joseph, a resident of Ohio who shared the same last name and birth date as Coffie-Joseph. Coffie-Joseph used the stolen identity to obtain a valid United States passport to visit the home in Ghana she had purchased with the misappropriated funds. After her arrest, Coffie-Joseph obstructed justice during her interview with U.S. Pretrial Services and her initial detention hearing by refusing to disclose her falsely-procured U.S. passport and failing to report the additional $18,000 in income she had fraudulently received through unemployment benefits.

At Coffie-Joseph's sentencing hearing, which took place on November 25, 2014, the district court calculated Coffie-Joseph's offense level to be 25 and her criminal history category to be I. J.A. 769. This yielded a Guidelines range of 57 to 71 months' imprisonment on counts one through nine, followed by the mandatory 24-month consecutive term for count ten. Id.

The district court concluded, however, "that a guideline sentence would not be sufficient to comply with the purposes of sentencing set forth in federal law," and explained that conclusion as follows:

> It is really kind of hard to capture the seriousness of this offense with the dry technical criteri[a] of the guidelines. But if I take a look simply at the maximums that Congress has provided for the offenses of conviction in this case, in the case of Counts One through Six, a maximum of 20 years, Count Seven through Nine, ten years, and Count Ten, two years consecutive, I cannot imagine that Congress could have conceived of something in the form of the crimes

3

committed in Counts One through Six that could be worse than this unless you want to do it solely in terms of amount of loss. This is something where the amount of the loss while a tragic circumstance for the principal victim in this case, Ms. Hankerson doesn't tell the story. It's not the amount of the loss. It's the consequences of that loss to a lovely woman who set up a successful business that should have succeeded and been prospering rather than being in ruins. And when you consider that Congress thought the worst case scenario was worth 20 years, the question is whether something half that long is sufficient.

Id. at 802-803.

Ultimately, the district court sentenced Coffie-Joseph to a total of 120 months' imprisonment, comprising 96 months on counts one through nine and a consecutive term of 24 months on count ten. Id. at 803-04. The district court thus imposed a sentence 26% above the upper end of Coffie-Joseph's Guidelines range. Appellant's Br. at 7. Coffie-Joseph appealed.

Coffie-Joseph contends that her sentence is unreasonable, arguing that the district court failed to adequately explain how a sentence within the Guidelines range would have been insufficient to serve the requirements of 18 U.S.C § 3553(a). We disagree.*

---

\* We also disagree with Coffie-Joseph's argument that her upward varied sentence is presumptively unreasonable. See Appellant's Br. at 8. Courts of appeal "may not apply a presumption of unreasonableness" to sentences outside the Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). Instead, we "must review all sentences—whether inside, (Continued)

4

Coffie-Joseph does not contend that her sentence was procedurally unreasonable. Thus, we proceed to assess the substantive reasonableness of her sentence under an abuse-of-discretion standard. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).

In reviewing a variant sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (citations omitted). We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

We conclude that the district court offered ample justification for its 26% upward variance from the Guidelines range. The district court considered the maximum sentence provided by Congress on all of Coffie-Joseph's counts: twenty years on counts one through six; ten years on counts seven

---

just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Id. at 41.

through nine; and two consecutive years on count ten. The court concluded that "Congress could [not] have conceived of something in the form of crimes committed in Counts One through Six that could be worse than this." J.A. 802.

Moreover, the district court explicitly stated that the Guidelines' focus on the amount of monetary loss did not sufficiently take into account the consequences of the crime or the purposes of the § 3553(a) factors. The court stated that the sentence imposed was necessary to promote respect for the law and deter this type of criminal conduct. Id. at 801. In considering the § 3553(a) factors, the district court focused on Coffie-Joseph's history, characteristics, and the need to protect the public from further crimes by Coffie-Joseph. See 18 U.S.C. § 3553(a).

Given the district court's detailed explanation of the basis for the sentence imposed, we find the sentence reasonable and defer to the judgment of the district court. See United States v. Evans, 526 F.3d 155, 163 (4th Cir. 2008) (holding an upward variance reasonable because the district court considered the PSR and impact on the victim); see also United States v. McNeill, 598 F.3d 161, 167 (4th Cir. 2010) (holding a sentence reasonable that considered the seriousness of the crime, deterrence, and the defendant's history).

III.

In sum, the sentence selected by the district court is reasonable, and we find Coffie-Joseph's arguments to the contrary unavailing. The district court provided ample reasons why "the § 3553(a) factors, on the whole, justified the sentence." See Gall, 552 U.S. at 60. The sentence imposed on Coffie-Joseph "may not be the only reasonable sentence, but it is a reasonable sentence, and the Supreme Court has directed that any reasonable sentence be upheld." Evans, 526 F.3d at 166.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED